ON MOTION POR REHEARING.
 

 LATTIMORE, Judge.
 

 Appellant again urges that his special charge No. 9 should have been given, and calls attention to the fact that in response to questions on recross-examination appellant said:
 

 “I don’t know what deceased had in his hand and I don’t know that he didn’t have anything in his hand. I figured that he might have had a butcher knife. I didn’t know what he had; I don’t know it yet.”
 

 We have gone carefully over the testimony of appellant and he repeatedly said that he never saw deceased get any knife out of the car near which the homicide occurred; never saw a knife in the hand of deceased, nor did he see deceased go to the car as though to get any knife. In his statements made immediately after the killing ap
 
 *521
 
 pellant made no claim that he thought or believed deceased had any knife. Other testimony makes apparently clear the fact that he could not have so believed. ¥e quote from his own testimony:
 

 “He started out and hit me with his left hand first, and then he came out with his right hand and hit me in the nose and mouth with his right hand. Then I stabbed him that wray (makes striking motion with his right hand), and as I remember I first started and I cut in and cut out, and I thought I hit him higher than I figured.”
 

 In another place appellant swore as follows:
 

 “I never hit him until he hit me, I guess two times, and the second lick he hit me, I hit him. He hit me the second time with his right hand.”
 

 Again he said:
 

 “I had my hat on like that (demonstating), and when he iiu me with his right hand on the left side * * * He had hit me with his left hand on the right cheek before that, and then when he hit me with his right hand in the nose and mouth,” etc.
 

 The above demonstrates that appellant’s use of the word “figured” might mean various mental states; and also seems to fully show that when he stabbed deceased according to his testimony the latter had struck him both with his left and his right hand, and, therefore, could not, in appellant’s belief or figuring, have had a butcher knife concealed in his right hand behind his" back at the time appellant inflicted the fatal wound. Whatever may have been in appellant’s mind when he said that he figured that deceased might have had a knife in his hand, he could not have meant, in view of his repeated statements that he was struck by deceased with both hands prior to the time he cut deceased, — that he believed the latter was holding a knife in his right hand from which appellant feared death or serious bodily injury and that this belief caused him to stab deceased.
 

 The motion for rehearing will be overruled.
 

 Overruled.